# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**SCOTT A. LEE**,

    Defendant.

**Case No. 20-02043-01-MJ-S-DPR**

## MOTION FOR DETENTION

    The United States of America, by and through its undersigned counsel, moves this Court to order the detention of the defendant, Scott A. Lee, and states the following in support of the motion:

    1.    A complaint has been filed charging Lee with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

    2.    Title 18, United States Code, Section 3142(f) provides, in pertinent part, that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions "will reasonably assure the appearance of such person as required and the safety of any other person and the community" if the attorney for the Government moves for such a hearing and the case involves:

> "(E) any felony that is not otherwise a crime of violence that involves…the possession or use of a firearm…."

    3.    On or about June 10, 2020, a State of Missouri search warrant was executed at Lee's residence in Nixa, Missouri, and 20 firearms were located in a room possessed by and used by Lee, including: (1) a Browning brand, Citori model, 12-gauge shotgun, bearing serial number 22185NX753; (2) a SKB brand, 585 model, 12-gauge shotgun, bearing serial number AS00864;

(3) a Stevens brand, 59A model, .410-caliber shotgun, bearing no serial number; (4) a Ruger brand, All Weather 77/22 model, .22 Hornet caliber rifle, bearing serial number 720-20198; (5) a Mossberg brand, 500E model, .410-caliber shotgun, bearing serial number L907347; (6) a Marlin brand, Glenfield 60 model, .22-caliber rifle, bearing serial number 72269451; (7) a Marlin brand, 1895CB model, .45-70 caliber rifle, bearing serial number 99119170; (8) a Gaucha-IGA brand, Uplander model, .410-caliber shotgun, bearing serial number 87116; (9) an unknown brand, unknown model, 12-gauge shotgun, bearing no serial number; (10) a Marlin brand, 336W model, .30-30 caliber rifle, bearing serial number MR21570F; (11) a Marlin brand, 1895GBL model, .45-70-caliber rifle, bearing serial number MR84825D; (12) a Savage brand, 187N model, .22-caliber rifle, bearing no serial number; (13) a Marlin brand, 336 model, .30-30 caliber rifle, bearing serial number 19109396; (14) a Norinco brand, 99 model, 12-gauge shotgun, bearing serial number SW003255; (15) a Marlin brand, Glenfield 10 model, .22-caliber rifle, bearing no serial number; (16) a Ruger brand, All Weather 77/17 model, .17-caliber rifle, bearing serial number 703-43977; (17) a Ruger brand, M77 Hawkeye model, .223-caliber rifle, bearing serial number 712-21795; (18) a Magnum Research brand, BFR model, .45-70 caliber pistol, bearing serial number BR04316; (19) a Winchester brand, 90 model, .22-caliber rifle, bearing serial number 355463; and (20) a Ruger brand, model P89DC, 9mm semi-automatic pistol, bearing serial number 309-99201. Other firearms were found throughout the rest of the residence, with a total of 34 firearms recovered by the Christian County, Missouri, Sheriff's Office.

4. Lee has one prior felony conviction from the Court of Common Pleas of Franklin County, Ohio, for the felony offense of attempted abduction. Lee was sentenced to 17 months' imprisonment with three years of supervision.

5. Lee was also previously charged with burglary in the first degree in Christian County, Missouri, which has since been dismissed. During the pendency of that case, Lee was allowed to bond out of jail with numerous special conditions of release, including pretrial supervision and Global Position System (GPS) monitoring. Lee incurred 11 separate violations with pretrial supervision, including GPS violations on April 17, 21, 23 and May 13, 2020, failing to appear for a random drug screen on April 11, 2020, and testing positive for marijuana on May 5, 2020.

6. On June 1, 2020, the State of Missouri sought to revoke Lee's bond, on the basis of new felony offenses, specifically kidnapping, rape, and sodomy, which had not yet been formally charged by the Christian County, Missouri, Prosecuting Attorney's Office. A hearing was held by the Associate Circuit Court of Christian County, Missouri, and the State's motion was denied.

7. Subsequently, on July 28, 2020, the State of Missouri once again sought to revoke Lee's bond, for two new uncharged domestic-related offenses occurring in Taney and Greene counties, Missouri, his 11 separate pretrial supervision violations, and violations of his GPS monitoring. The Circuit Court sustained that motion and issued a capias warrant for Lee's arrest, which was adopted by the United States Marshal's Service (USMS). Lee was arrested by USMS in Joplin, Missouri.

8. While the State of Missouri ultimately dismissed the burglary charges against Lee, the Government would still submit that Lee's conduct through the proceedings should still be considered by this Court when determining whether or not to detain Lee pending the outcome of this case.

9. Finally, on August 6, 2020, the State of Missouri applied for, and received, a search warrant to retrieve DNA evidence from the body of Lee, with the Circuit Court of Christian

County, Missouri, finding probable cause for the existence of such evidence in tending to prove the charges of kidnapping, rape and sodomy committed by Lee.

10. The United States submits that there is clear and convincing evidence that there are no conditions that the Court could place on Lee's release that would reasonably assure Lee's appearance in Court and the safety of the community. *See* 18 U.S.C. § 3142(g)(1) nature and circumstances of the offense; (2) weight of the evidence; (3)(A) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (B) whether the defendant was on probation/parole at the time of the offense; and (4) danger to the community or other persons. Because of this, the United States requests that a detention hearing be held and that Lee be detained. *See generally, United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Warren*, 787 F.2d 1337, 1338 (8th Cir. 1986).

WHEREFORE, based on the foregoing, the United States requests that the Court hold a detention hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of Lee.

Respectfully submitted,

**TIMOTHY A. GARRISON**
United States Attorney

By: /s/ *Anthony M. Brown*
_____
ANTHONY M. BROWN
Special Assistant United States Attorney
Missouri Bar # 62504
901 St. Louis Street #500
Springfield, Missouri 65806
(417) 831-4406

4

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing was delivered on Monday, August 17, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                /s/ *Anthony M. Brown*
                _____
                ANTHONY M. BROWN
                Special Assistant United States Attorney